**UNITED STATES of America,**
**Appellee,**

v.

**Xzavior LANCASTER, Defendant–**
**Appellant.**

**No. 05–3949–cr.**

United States Court of Appeals,
Second Circuit.

June 9, 2006.

Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

Raymond J. Lohier, Jr., Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: THOMAS J. MESKILL, ROSEMARY S. POOLER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Xzavior Lancaster, through counsel, appeals from a judgment by the United States District Court for the Southern District of New York (Koeltl, *J.*) entered following a remand pursuant to *United States v. Crosby*, 397 F.3d 103, 119–20 (2d Cir.2005). Lancaster claims that the district court violated his Sixth Amendment rights by imposing $57,237 in restitution because this amount was not found by a jury. Lancaster has also submitted pro se papers challenging his underlying convictions. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal and affirm the decision of the district court in toto.

■ We reject Lancaster's contention that the district court erred in imposing restitution when the jury did not find, nor did Lancaster admit, that he was responsible for the losses that the banks suffered. As this Court recently held in *United*

*States v. Reifler,* 446 F.3d 65 (2d Cir.2006), "there is no constitutional requirement that the facts needed for the district court's fashioning of a restitution order be found by a jury or found beyond a reasonable doubt." *Id.* at 116. We therefore reject Lancaster's arguments to the contrary.

We also reject the arguments that Lancaster raises in his pro se submissions. First, Lancaster contends that insufficient evidence supports his convictions. A defendant seeking to overturn a conviction based on sufficiency of the evidence bears a heavy burden. *United States v. Desimone,* 119 F.3d 217, 223 (2d Cir.1997). A conviction will be affirmed if—while viewing the evidence in a light most favorable to the prosecution—any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* A reviewing court must view the evidence as a whole and give deference to the jury's resolution of credibility issues. *Id.* We thus resolve every inference in favor of the jury verdict. *United States v. Aulicino,* 44 F.3d 1102, 1114 (2d Cir.1995).

Defendant was found guilty of conspiracy to commit bank fraud and conspiracy to launder money. "To obtain a conspiracy conviction, the government must prove that there was an agreement between two or more participants to achieve a particular illegal end." *United States v. Amiel,* 95 F.3d 135, 144 (2d Cir.1996).

Turning first to bank fraud, conviction requires proof that the defendant engaged in a course of conduct designed to deceive a federally chartered or insured financial institution and that he possessed an intent to victimize the institution by exposing it to actual or potential loss. *United States v. Barrett,* 178 F.3d 643, 647–48 (2d Cir. 1999). The bank need not actually be victimized as long as defendant acted with the requisite intent. *Id.* at 648.

■ · There was ample evidence to support this conviction in the instant case. An investigator testified that fraudulent checks were deposited into an account belonging to Lancaster that defrauded Chase Manhattan Bank of thousands of dollars. Another witness testified that Lancaster admitted conspiring with a co-conspirator in order to defraud the bank. We therefore find substantial evidence supports Lancaster's conviction for bank fraud.

■ We similarly affirm Lancaster's conviction for money laundering. The money laundering statute, 18 U.S.C. § 1956, criminalizes the conduct of any person who, "knowing that the property involved in a financial transaction represents the proceeds of *some form* of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity," 18 U.S.C. § 1956(a)(1) (emphasis added), while "knowing that the transaction is designed in whole or in part" to conceal the nature of the proceeds, 18 U.S.C. § 1956(a)(1)(B)(i). To be convicted under the statute, the property laundered must involve the proceeds of unlawful activity, but defendant need not know what the unlawful activity was. *United States v. Maher,* 108 F.3d 1513, 1526 (2d Cir. 1997). The government need only prove that defendant knew that the property represented the proceeds of *some form* of unlawful activity. *Id.* Also, defendant must know that a purpose of the transaction was concealment. *Id.*

These elements are satisfied. Lancaster's withdrawals of cash from his accounts and transmittal of that cash to his co-conspirator constituted financial transactions within the meaning of the statute. *See United States v. Wydermyer,* 51 F.3d 319, 326–27 (2d Cir.1995). It was undisputed that the transactions in fact involved

the proceeds of some form of illegal activity, and Lancaster confessed that he knew that the money was illegally gained. Additionally, there was ample circumstantial evidence presented at trial to support a jury's conclusion that the transactions were done in such a manner as to conceal their illegal purpose. We thus affirm Lancaster's conviction for money laundering.

Lancaster's pro se papers also challenge evidentiary rulings made by the district court. The district court maintains broad discretion over such rulings, and we will only reverse a ruling if it is so manifestly erroneous that it constitutes an abuse of discretion. *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 87–88 (2d Cir.1999). This means that the judge acted irrationally or arbitrarily. *Id.* at 88. The judge did not act in this fashion in the instant case. In admitting the Citibank account evidence, the district court engaged in the appropriate balancing required by Fed.R.Evid. 403 and properly applied Fed.R.Evid. 404.

■ We similarly affirm the district court's decision to admit Lancaster's cell phone records. The records were directly relevant to proving the conspiracy and showed that Lancaster had contact with a co-conspirator who he said had been "dodging him."

Lancaster also challenges a conscious-avoidance jury instruction given by the district court. When challenging a jury instruction, a defendant must show that the instruction, or lack thereof, prejudiced him. *United States v. Jones*, 30 F.3d 276, 283 (2d Cir.1994). This is determined by looking to the instructions as a whole to determine if they comported with the law. *Id.*

■ Lancaster has failed to satisfy this burden. The district court gave a conscious avoidance instruction because Lancaster claimed to lack knowledge of certain aspects of the conspiracy despite the appearance that he possessed such knowledge. The court's instruction was not in error. *See United States v. Walker*, 191 F.3d 326, 337 (2d Cir.1999) (finding a conscious avoidance instruction appropriate when a "defendant claims to lack some specific aspect of knowledge necessary to conviction" where the "evidence may be construed as deliberate ignorance" (internal quotation marks omitted)).

Finally, we turn to Lancaster's claim that his conviction should have been reversed under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady*, the Supreme Court held that the suppression of evidence by the government violates due process if the evidence is material. *Id.* at 87, 83 S.Ct. 1194. Lancaster has failed to satisfy the heavy burden necessary for a new trial in accordance with *Brady*, see *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir.1995) (materiality requires showing that there is a reasonable probability that had the evidence been disclosed, the result at trial would have been different), in light of evidence that Catone Sinclair and Lancaster's alleged co-conspirator were not even the same individual, and Lancaster has failed to show how evidence from Sinclair would have altered the outcome at trial and was therefore material.

We have reviewed all other arguments made by Lancaster and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.